WO

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA | *ORDER OF DETENTION PENDING TRIAL* |
|---|---|
| v. | |
| Martin Sainz-Navarette | Case Number: 11-3271M |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on 6/2/11 Defendant was present and was represented by counsel. I conclude by a preponderance of the evidence the defendant is a serious flight risk and order the detention of the defendant pending trial in this case.

### FINDINGS OF FACT

I find by a preponderance of the evidence that:

- ☒ The defendant is not a citizen of the United States or lawfully admitted for permanent residence.
- ☒ The defendant, at the time of the charged offense, was in the United States illegally.
- ☒ The defendant has previously been deported or otherwise removed.
- ☐ The defendant has no significant contacts in the United States or in the District of Arizona.
- ☐ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.
- ☐ The defendant has a prior criminal history.
- ☐ The defendant lives/works in Mexico.
- ☐ The defendant is an amnesty applicant but has no substantial ties in Arizona or in the United States and has substantial family ties to Mexico.
- ☐ There is a record of prior failure to appear in court as ordered.
- ☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.
- ☐ The defendant is facing a maximum of _____ years imprisonment.

The Court incorporates by reference the material findings of the Pretrial Services Agency which were reviewed by the Court at the time of the hearing in this matter, except as noted in the record.

### CONCLUSIONS OF LAW

1. There is a serious risk that the defendant will flee.
2. No condition or combination of conditions will reasonably assure the appearance of the defendant as required.

### DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

### APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Court. Pursuant to Rule 59(a), FED.R.CRIM.P., effective December 1, 2005, Defendant shall have ten (10) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the district court. Failure to timely file objections in accordance with Rule 59(a) will waive the right to review. 59(a), FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Court to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

DATE: 6/6/11

Lawrence O. Anderson
United States Magistrate Judge